IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| RAY COMER and MARY NABORS, as parents and next friend of SHELBY LEANN COMER, <br><br> Plaintiffs, <br><br> v. <br><br> CLINT SHRUM in his Official Capacity as SHERIFF of GRUNDY COUNTY, TENNESSEE, CLINT SHRUM, individually, TONY BEAN, in his Official Capacity as a deputy sheriff of Grundy County Tennessee, TONY BEAN, individually, and MIKE HOLMES, individually, <br><br> Defendants. | Civil Action No. 4:18-CV-58 <br><br> **JURY DEMAND** |

---

## MIKE HOLMES' AMENDED ANSWER TO AMENDED COMPLAINT

---

Defendant, Mike Holmes, in his individual and official capacity, by and through counsel, file with the Court his Amended Answer to Plaintiffs' Amended Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted and therefore must be dismissed pursuant to *F.R.C.P.*12.

### SECOND DEFENSE

Defendant pleads and relies upon the defense of qualified immunity. Defendant was acting within his discretionary authority and his conduct did not violate clearly established rights of which a reasonable person would have known. Accordingly, Plaintiff's Amended Complaint against this defendant must be dismissed.

### THIRD DEFENSE

All or portions of the claims set forth in Plaintiffs' Amended Complaint are barred by all other forms and versions of immunity including good faith immunity, common-law immunity, and sovereign immunity.

## FOURTH DEFENSE

Defendant alleges and contends that the Plaintiffs' claims are barred by the comparative fault of Shelby Leann Comer and/or the negligence of Jacky Bean. The negligence of Shelby Leann Comer and/or Jacky Bean was the proximate cause of any injuries or damages that are claimed or asserted in this matter. Accordingly, Plaintiffs are not entitled to the relief prayed for in their Amended Complaint.

## FIFTH DEFENSE

Defendant Holmes responded to a threat of violence and fear of safety for his life and in protection of others. Defendant Holmes acted reasonably under the particularized facts of this case. Defendant Holmes did not commit any constitutional tort or any tort whatsoever as to Shelby Leann Comer and therefore Plaintiffs can have no recovery for the same and Plaintiffs' Amended Complaint must therefore be dismissed.

## SIXTH DEFENSE

Defendant pleads and relies upon the expiration of the applicable one-year statute of limitations governing all claims and causes of action set forth against him.

## SEVENTH DEFENSE

Plaintiffs' Complaint fails to set forth with specificity a policy upon which they rely in support of their claim for recovery for alleged unconstitutional conduct. In that respect, Defendant would show there is no such policy or otherwise in Grundy County, Tennessee that led to the events more fully described in Plaintiffs' Amended Complaint. Defendant further shows that there

are policies in effect in Grundy County, Tennessee relating to police officer training, use of excessive force, and others that are proper and that this defendant did not violate any such policy. Plaintiffs are therefore not entitled to the relief prayed for in their Amended Complaint.

## EIGHTH DEFENSE

Defendant did not at any time act with deliberate indifference in violation of the constitutional rights of Shelby Comer. Plaintiffs are therefore not entitled to any recovery from Defendants.

## NINTH DEFENSE

Shelby Comer was at no time unconstitutionally seized by Defendant. Plaintiffs are therefore not entitled to any recovery for the same.

## TENTH DEFENSE

Defendant, individually or otherwise, did not violate Shelby Comer's constitutional rights in any manner whatsoever and Plaintiffs are not entitled to any recovery for the same.

## ELEVENTH DEFENSE

In response to the individual allegations of Plaintiffs' Amended Complaint, Defendant answers as follows:

### I. JURISDICTION

1. Defendant does not object to jurisdiction in this Court and agree that jurisdiction is proper in this Court.

### II. VENUE

2. Defendant does not object to venue in this Court and agrees that venue is proper in this Court.

## III. PARTIES

3. Upon information and belief, the allegations of paragraph 3 are admitted.

4. Defendant admits the allegations of paragraph 4.

5. Defendant lacks sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 5.

6. In response to paragraph 6, it is admitted that at the time of the incident described in Plaintiffs' Amended Complaint, Defendant Shrum was the Sheriff of Grundy County, Tennessee.

7. In response to paragraph 7, it is admitted that at the time of the incident described in Plaintiffs' Amended Complaint, Defendant Shrum was the Sheriff of Grundy County, Tennessee.

8. In response to paragraph 8, it is admitted that at the time of the incident giving rise to this matter, Defendant Bean was employed by the Grundy County Sheriff's Office.

9. In response to paragraph 9, it is admitted that at the time of the incident giving rise to this matter, Defendant Bean was employed by the Grundy County Sheriff's Office.

10. In response to paragraph 10, it is admitted that at the time of the incident giving rise to this matter, Defendant Holmes was employed as a part-time Sheriff's Deputy for Grundy County, Tennessee.

11. Defendants admit the allegations of paragraph 11.

## IV. FACTS

12. In response to paragraph 12 it is admitted that Shelby Comer was a passenger in a vehicle driven by Jacky Bean on December 23, 2017 to include but not necessarily be limited to at approximately 10:30 p.m.

13. In response to paragraph 13 it is admitted that Jacky Bean was operating and driving a Ford Mustang.

14. Defendants admit the allegations of paragraph 14.

15. In response to the allegations of paragraph 15, it is admitted that after a Mustang automobile passed by Defendant Holmes at a high rate of speed and driving erratically, Defendant Holmes attempted to pull over the driver of the vehicle.

16. Defendants admit the allegations of paragraph 16. In further response, Defendant Holmes followed after Mr. Bean for several miles in an effort to get him to stop as the Mustang clearly was a public danger, driving at high rates of speed and swerving into the oncoming lane of traffic.

17. In response to paragraph 17, it is admitted that Defendant Holmes followed after the Mustang vehicle ultimately to B Mine Road although the description of the location at B Mine Road is denied.

18. In response to paragraph 18, it is admitted that B Mine Road does have pavement that ends but it is denied that a passenger vehicle could not continue down the road.

19. Defendant denies the allegations of paragraph 19.

20. In response to paragraph 20, it is admitted that Bean did turn his Mustang in the opposite direction so as to travel back towards the direction of Defendant Holmes.

21. Defendants deny the allegations of paragraph 21.

22. In response to paragraph 22, Defendant admits that Bean stopped the vehicle he was driving but deny it was when he saw the patrol vehicle.

23. Defendant denies the allegations of paragraph 23 as alleged. In further response to paragraph 23, it is admitted that Defendant Holmes got out of his vehicle and gave verbal commands to the occupants of the Mustang, neither of whom complied.

24. In response to paragraph 24, it is admitted that Defendant Holmes pulled his gun while giving verbal commands to the occupants of the Mustang, all of which occurred after Defendant Holmes had pursued the vehicle and occupants for several miles at high rates of speed and after Jacky Bean had pointed a gun at Holmes.

25. Defendant admits the allegations of the first sentence of paragraph 25. In response to the second sentence of paragraph 25, it is admitted that Defendant Holmes knew there was a passenger in the vehicle.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant admits the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. In response to paragraph 30, it is admitted that Defendant Holmes fired shots but did so in response to a threat made by the driver of the vehicle and threat posed by the vehicle.

31. Defendant denies the allegations of paragraph 31.

32. In response to paragraph 32, it is admitted that Jacky Bean drove his vehicle towards Defendant Holmes and in fact came into contact with Defendant Holmes' patrol car. Holmes avers that Bean was trying to hit him with the Mustang.

33. In response to paragraph 33, it is admitted that Defendant Holmes shot at the Mustang as it drove toward him.

34. Paragraph 34 is denied as alleged. In further response, it is admitted that Defendant Holmes fired at the Mustang because of the actions of the driver of the vehicle and the danger and threat posed by the vehicle to another office approaching the scene and to the public at large.

35. Defendants admit the allegations of paragraph 35.

36. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 36 except that it is admitted the passenger of the vehicle was found to have a bullet wound. In further response Defendant denies being liable or responsible for any of the claimed damages, pain and suffering, or otherwise Plaintiffs have asserted in this case.

37. Defendant lacks sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 37 but in any event deny being liable or responsible for any of the claimed damages, pain and suffering, or otherwise Plaintiffs have asserted in this case.

38. Defendant lacks sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 38 at this time. In further response Defendant denies being liable or responsible for any of the claimed damages, pain and suffering, or otherwise Plaintiffs have asserted in this case.

## V. LIABILITY OF DEFENDANT HOLMES

39. Defendant incorporates by reference their responses to paragraphs 1-38 above.

40. Defendant admits the allegations of paragraph 40.

41. In response to paragraph 41, it is admitted that Defendant Holmes was alone at various times. The remaining allegations of paragraph 41 are denied.

42. Paragraph 42 fails to make an allegation of fact but rather states a conclusion of law. In further response, it is admitted that Defendant Holmes was acting as a sheriff's deputy at the time of the incident described in Plaintiffs' Amended Complaint.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Paragraph 47 fails to make an allegation of fact that can be admitted or denied but rather states a conclusion of law. In further response, Defendant denies that any law was violated as may be alleged in this case.

48. Paragraph 48 fails to make an allegation of fact that can be admitted or denied but rather states a conclusion of law. In further response, Defendant denies that any law was violated as may be alleged in this case. Additionally, Holmes' avers that Jacky Bean posed a significant threat to himself, other officers en route to the scene and to the public at large.

49. Paragraph 49 fails to make an allegation of fact that can be admitted or denied but rather states a conclusion of law. In further response, Defendant denies that any law was violated as may be alleged in this case.

## VI. LIABILITY OF CLINT SHRUM, IN HIS OFFICIAL CAPACITY AS SHERIFF OF GRUNDY COUNTY, TENNESSEE

50. Paragraphs 50-88 of Plaintiff's Amended Complaint are not directed as to this defendant and therefore, do not require a response from this defendant.

## VII. LIABILITY OF TONY BEAN, IN HIS OFFICIAL CAPACITY AS DEPUTY SHERIFF OF GRUNDY COUNTY, TENNESSEE

51. Paragraphs 89-118 of Plaintiff's Amended Complaint are not directed as to this defendant and therefore, do not require a response from this defendant.

### VIII. SINGLE INCIDENT LIABILITY

52. Paragraphs 119-133 of Plaintiff's Amended Complaint are not directed as to this defendant and therefore, do not require a response from this defendant.

### IX. LIABILITY OF CLINT SHRUM, IN HIS INDIVIDUAL CAPACITY

53. Paragraphs 134-143 of Plaintiff's Amended Complaint are not directed as to this defendant and therefore, do not require a response from this defendant.

### X. LIABILITY OF TONY BEAN IN HIS INDIVIDUAL CAPACITY

54. Paragraphs 144-153 of Plaintiff's Amended Complaint are not directed as to this defendant and therefore, do not require a response from this defendant.

### DAMAGES

#### A. PUNITIVE DAMAGES

1. The allegations of paragraph 154 are denied.

2. The allegations of paragraph 155 are denied.

3. The allegations of paragraph 156 are denied.

#### B. COMPENSATORY DAMAGES

4. The allegations of paragraph 157 are denied.

5. Any and all other allegations in Plaintiffs' Amended Complaint not specifically admitted, denied, or otherwise explained, including any prayer for damages, be and the same are hereby denied.

**WHEREFORE,** having fully answered, Defendant prays that Plaintiffs' Amended Complaint be dismissed and that Defendant be awarded his costs, to include reasonable attorney's fees, in defending this matter. Defendant further demands trial by a jury of twelve.

Respectfully submitted,

**ORTALE KELLEY LAW FIRM**

BY: /s/ D. Andrew Saulters (020275)

/s/ Michael T. Schmitt (026573)

Attorneys for Defendant, Holmes
330 Commerce Street, Suite 110
Nashville, TN 37201
615-256-9999
dsaulters@ortalekelley.com
mschmitt@ortalekelley.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy was furnished via electronic means to: Fred C. Dance, fdclaw@bellsouth.net; B. Thomas Hickey, Jr., bth@spicerfirm.com, this 11th day of March, 2021.

/s/ D. Andrew Saulters

D. Andrew Saulters