# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT WINCHESTER

RAY COMER and MARY NABORS, as
parents and next friend of SHELBY
LEANN COMER,

       *Plaintiffs*,

v.

CLINT SHRUM, individually and in his
official capacity as sheriff of Grundy
County, Tennessee, TONY BEAN,
individually and in his official capacity as
deputy sheriff of Grundy County,
Tennessee, and MIKE HOLMES,
individually,

       *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:18-cv-58

Judge Travis R. McDonough

Magistrate Judge Susan K. Lee

---

## MEMORANDUM OPINION

---

Before the Court is Plaintiffs Ray Comer and Mary Nabors's (collectively "Plaintiffs")

motion for partial summary judgment (Doc. 71). For the reasons set forth below, the motion will

be **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

Plaintiffs are the parents and next friends of Shelby Leann Comer. (*See* Doc. 63, at 2.)

This case concerns liability for the death of Shelby Comer on December 23, 2017. (*See id.*)

Plaintiffs assert that Shelby Comer was killed as the result of a bullet fired by Defendant Mike

Holmes at a Ford Mustang in which Shelby Comer was a passenger. (*See* Doc. 72, at 3.)

At the time of the incident in question, Holmes was a part-time deputy sheriff for the

Sheriff's Office of Grundy County, Tennessee. (Doc. 71-1, at 20.) In February 2020, Holmes

was criminally tried in the Circuit Court of Grundy County, Tennessee, on charges related to the death of Shelby Comer.  (*See* Doc. 71-3, at 2.)  A jury ultimately convicted Holmes of criminally negligent homicide, and Holmes was sentenced to two years imprisonment with the Tennessee Department of Corrections.  (*Id.*)

Defendant Clint Shrum is the Sheriff of Grundy County, Tennessee, and Defendant Tony Bean is the Chief Deputy for the Grundy County Sheriff's Office.  (*See* Doc. 71, at 2.)  Neither Shrum nor Bean was a party to the criminal case against Holmes.  (*See* Doc. 79, at 1.)

Plaintiffs filed this action on September 11, 2018, against Holmes, Shrum, and Bean.  (*See* Doc. 1.)  On March 11, 2021, Plaintiffs filed a second amended complaint, in which they assert the following claims:   (1) a 42 U.S.C. § 1983 claim for excessive force and illegal seizure against Holmes; (2) a § 1983 claim for Fourth-Amendment violation against Shrum in his official capacity, (3) a § 1983 claim for Fourth-Amendment violation against Bean in his official capacity; and (4/5) what appear to be § 1983 claims against Shrum and Bean in their individual capacities.[1]  (*See* Doc. 63.)  Plaintiffs have filed a motion for partial summary judgment on the issue of whether Defendants are collaterally estopped from contesting the cause of Shelby Comer's death (Doc. 71), and their motion is ripe for adjudication.

## II.     STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court views the evidence in the light most favorable to the nonmoving party and

---

[1] The claims in the second amended complaint are not clearly labeled.  (*See* Doc. 63.) Accordingly, it is not clear which claims they are asserting against Shrum and Bean in their individual capacities.  These claims are the subject of a motion to dismiss (Doc. 65), which the Court has taken under advisement.

2

makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

The standard of review when parties file cross-motions for summary judgment is the same as when only one party moves for summary judgment. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). When there are cross-motions for summary judgment, the court must "evaluate each party's motion on its own merits, taking care in each instance to draw

3

all reasonable inferences against the party whose motion is under consideration." *Id.* In considering cross motions for summary judgment, the court is "not require[d] . . . to rule that no fact issue exists." *Begnaud v. White*, 170 F.2d 323, 327 (6th Cir. 1948).

## III. ANALYSIS

Plaintiffs move for partial summary judgment against all Defendants on the issue of the cause of death of Shelby Comer. (*See* Doc. 71, at 1.) Plaintiffs argue that Defendants are collaterally estopped from disputing that Holmes caused Shelby Comer's death and that the cause of death was a bullet fired from Holmes's gun. (*See id.*)

When determining the preclusive effect of a state court's judgment in a § 1983 action, federal courts apply the collateral-estoppel law of the state in which the judgment occurred. *Haring v. Prosise*, 462 U.S. 306, 313 (1983) ("28 U.S.C. § 1738 generally requires federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." (citations and internal quotation marks omitted)). However, in § 1983 actions, state-court judgments do not have a preclusive effect if "the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court." *Id.* (citations omitted).

In Tennessee, to establish that a particular issue is subject to collateral estoppel, the party asserting the estoppel offense must show:

> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

4

*Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102, 107 (Tenn. 2016) (quoting *Mullins v. State*, 294 S.W.3d 529, 535 (Tenn. 2016)).

### A.  Collateral Estoppel as to Holmes

Defendant Holmes did not respond to Plaintiffs' motion for partial summary judgment and has not otherwise manifested opposition to the arguments therein.  Upon the Court's review of the facts and law, Holmes is collaterally estopped from disputing the cause of death of Shelby Comer in this action.

First, Holmes was clearly a party to his own criminal trial, and the judgment in that case has become final.  (*See* Doc. 71-3, at 2 (criminal judgment issued on July 10, 2020).) Additionally, the causation issue in this case is identical to an issue decided in Holmes's criminal case.  In Tennessee, criminally negligent homicide is defined as "[c]riminally negligent conduct that results in death."  Tenn. Code Ann. § 39-13-212(a).  To support a conviction for criminally negligent homicide under § 39-13-212, the State must prove the following elements beyond a reasonable doubt:  "(1) criminally negligent conduct on the part of the defendant; (2) proximate causation; and (3) the victim's death."  *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008). Proximate causation is an essential element to criminally negligent homicide.  *State v. Farner*, 66 S.W.3d 188, 203 (Tenn. 2001).  Proximate causation is also "an essential element of a § 1983 claim for damages."  *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994) ("[A] violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury.") (citations omitted).  Accordingly, the issue of whether Holmes caused Shelby Comer's death is the same in this case as in the criminal case.[2]

---

[2] The Court also notes that the standard of proof required on proximate causation at the criminal trial—beyond a reasonable doubt—is a more stringent standard of proof than is required in a

Further, the issue of cause of death was "actually raised, litigated, and decided on the merits" at Holmes's criminal trial. *See Arnold*, 502 S.W.3d at 107. Holmes contested the causation element at his criminal trial. (*See* Doc. 71-5.) He called Dr. Edward A. Reedy, a forensic pathologist, who testified as an expert witness that the actual cause of Shelby Comer's death was methamphetamine toxicity. (*See id.* at 20.) The jury heard this testimony, along with other evidence as to cause of death, before rendering their verdict at to Holmes's guilt. Finally, there is no indication anywhere in the record that he lacked a full and fair opportunity to contest the causation issue.

For these reasons, Holmes is estopped from disputing the cause-of-death issue in this case, and Plaintiffs' motion for partial summary judgment will be **GRANTED** with respect to Holmes.

### B. Collateral Estoppel as to Shrum and Bean

Defendants Shrum and Bean oppose Plaintiffs' motion for summary judgment on the grounds that Shrum and Bean were not parties in the criminal case against Mike Holmes and were not in privity with a party to that case. (Doc. 79, at 1.) Plaintiffs argue that Shrum and Bean were in privity with Holmes due to their positions with the Sheriff's Office and their "vested interests in the criminal trial of Holmes."[3] (Doc. 72, at 9.)

Under Tennessee's collateral-estoppel law, Shrum and Bean are not collaterally estopped from disputing the cause of death in this action. Regardless of whether Shrum and Bean were "in privity" with parties to Holmes's criminal trial, they did not have a full and fair opportunity

---

civil action under § 1983—a preponderance of the evidence. *See, e.g.*, *Selby v. Caruso*, 734 F.3d 554, 560–61 (6th Cir. 2013) (elements to a § 1983 claim must be proven by a preponderance of the evidence to establish liability).

[3] Plaintiffs do not specify which interests Shrum and Bean had in Holmes's criminal trial. (Doc. 72, at 9.)

to contest the cause-of-death issue in that proceeding.  Plaintiffs failed to address this element in their motion or brief in support thereof and did not file a reply to Shrum and Bean's response. They have offered the Court no evidence or argument that Shrum and Bean "had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded."  *See Bowen ex rel. Doe*, 502 S.W.3d at 107.  Moreover, although Shrum was subpoenaed by the prosecution to testify at Holmes's criminal trial,[4] both Shrum and Bean submitted sworn affidavits in which they aver that they did not present evidence, raise any defenses, or otherwise have any control over the criminal proceedings against Holmes.  (Docs. 80-1, 80-2.) Accordingly, Shrum and Bean are not collaterally estopped from disputing the cause of Shelby Comer's death, and the Court will **DENY** Plaintiffs' motion for partial summary judgment with respect to these Defendants.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' motion for partial summary judgment (Doc. 71) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** with respect to Defendant Mike Holmes and **DENIED** with respect to Defendants Shrum and Bean in both their individual and official capacities.

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[4] Bean did not testify at Holmes's criminal trial.  (Doc. 80-2, at 1.)